# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHEN XUEBIN,

      Petitioner,

v.                                             No. 26-cv-0724-SMD-JHR

WARDEN CASTRO, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
CURRENT SECRETARY, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

      Respondents,[1]

## ORDER TO ANSWER AND PROHIBITING TRANSFER OUT OF DISTRICT

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1 ("Petition"). Also before the Court is Petitioner's Motion for Temporary Restraining Order. Doc. 3 ("TRO Motion"). Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico. The Petition alleges he entered the United States in 2023; was paroled by immigration officials; and was re-detained on an unspecified date. Doc. 1 at 2. The immigration court denied bond on the ground that he missed one reporting appointment. *Id.* at 8. A removal order was entered on January 8, 2026, and the matter is on

---

[1] The Court will substitute or add the above-mentioned parties as Respondents. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

appeal with the Bureau of Immigration Appeals ("BIA").  *Id.* at 1-2.  Petitioner argues he is subject to prolonged detention and has not received adequate process.  *Id.*

Having conducted an initial review of the claims, the Court finds the Petition is not subject to summary dismissal.   The Clerk's Office has electronically served Respondents - including the Respondents added in this Order - by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   Doc. 5.   The United States Attorney's Office (USAO) shall answer the Petition within 10 business days of entry of this Order. Petitioner may file an optional reply within 10 days after the answer is filed.   To preserve the status quo, the Government will be enjoined from transferring Petitioner from the District of New Mexico while this case remains pending.

Petitioner filed a TRO Motion along with the opening pleading.   In the TRO Motion, he seeks an immediate release from custody before briefing is complete.   A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief.  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).   The Court cannot find a likelihood of success on the merits with respect to Petitioner's claim for prolonged detention because he does not specify when the detention began.   To the extent the Petition cites *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001), which generally requires immigration officials to effectuate a removal within six months, that case does not apply because Petitioner's removal order is not yet final.  *See Ngefack v. Castro*, 2026 WL 473161, at *1 (D.N.M. Feb. 19, 2026) ("Petitioner does not appear to raise a colorable claim challenging his detention under 8 U.S.C. § 1231 or *Zadvydas* ... because his removal order is not yet final"); *Themeus v. U.S. Dep't of Just.*, 643 Fed. App'x

2

830, 833 (11th Cir. 2016) (same).   It also appears that Petitioner received a bond hearing where the immigration judge considered at least some traditional factors, as bond was denied based on the failure to appear at a reporting appointment.   Doc. 1 at 8.

As to irreparable harm, the TRO Motion fails to show any injury beyond continued detention.   The Court is cognizant that unwarranted detention itself can cause harm.   However, the District of New Mexico has received over 500 § 2241 petitions this year, and unfortunately a case cannot move ahead of others absent a true emergency.   The Court will deny the TRO Motion, in part.   The facts warrant a response and an expedited review of the filings, but the Court declines to release Petitioner before briefing is complete.

**IT IS ORDERED** that the USAO shall answer the Petition within 10 business days of entry of this Order; and Petitioner may file an optional reply within 10 days after the response is filed.

**IT IS FURTHER ORDERED** that the Government is prohibited from transferring Petitioner Chen Xuebin from the District of New Mexico while the above-captioned case remains pending.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

_____

HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE

3